**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| APACHE CORPORATION | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:22-cv-2019 |
| v. | § | |
| | § | JURY DEMANDED |
| LLOG EXPLORATION COMPANY, | § | |
| L.L.C., | § | |
| | § | |
| *Defendant.* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Apache Corporation ("Plaintiff" or "Apache") files this Original Complaint against Defendant LLOG Exploration Company, L.L.C. ("LLOG").  In support thereof, Apache alleges as follows:

**INTRODUCTION**

1.    LLOG has created a justiciable controversy by recently demanding that Apache defend and indemnify LLOG in a lawsuit which alleges environmental contamination.  But Apache has no obligation, contractual or otherwise, to defend or indemnify LLOG in the underlying lawsuit.  Apache and LLOG are not in contractual privity and there is no legal or factual basis for LLOG's unfounded claim.

2.    The December 16, 2002 Purchase and Sale Agreement ("PSA") under which LLOG purportedly seeks indemnity does not require Apache to defend or indemnify LLOG.  The PSA is an agreement between Apache and certain Castex Energy entities ("Castex") under which Apache acquired oil and gas related assets and interests from Castex only – LLOG is not a party to that agreement.  Moreover, nothing in the PSA can be reasonably

interpreted to require Apache to indemnify entities that are third parties and strangers to the agreement.

3.    On the substantive contractual question presented, the correct outcome is clear: Apache does not owe LLOG indemnity. But LLOG's demand raises a procedural issue as well. The PSA under which LLOG has raised its indemnity demand contains arbitration clauses that clearly and unambiguously *require* arbitration of any and all disputes arising under or related to that agreement.  Even assuming defense and indemnity was somehow owed (which it is not and which is denied), by availing itself of the benefits of the PSA by demanding defense and indemnity from Apache, LLOG is subject to the agreement's mandatory arbitration provision under Texas law.

4.    Apache hereby seeks relief on both counts:  a declaratory judgment that LLOG is not entitled to the defense and indemnity it has demanded; and, in the alternative, an order compelling arbitration of this dispute with LLOG.

### JURISDICTION AND VENUE

5.    The following allegations regarding jurisdiction and venue are made to establish both that this Court has jurisdiction over the dispute set forth herein and that it can and should compel arbitration.  Plaintiff expressly denies that these jurisdiction and venue allegations constitute any waiver of the mandatory arbitration sought herein. The dispute set forth herein is subject to a mandatory arbitration clause.

6.    The Court has jurisdiction based on diversity of the parties, pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7.    The Court has personal jurisdiction over Defendant because Defendant has significant, continuous offices and operations in Texas; and because Defendant is availing itself of a

contract rooted in Texas, with Texas venue clauses, and a choice of law clause mandating that Texas law applies.

8.   Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events at issue occurred in Texas and because the mandatory arbitration clause that LLOG has rendered itself subject to applies Texas law and sets the arbitration situs in Houston, Texas.

## PARTIES

9.   Plaintiff Apache is a Delaware corporation with its principal place of business in Houston, Texas.

10.   Defendant LLOG is a limited liability company whose sole member is LLOG Holdings, L.L.C.  LLOG Holdings L.L.C.'s sole member is Gerald A. Boelte ("Boelte").  Boelte is domiciled in and is a resident of the state of Wyoming. LLOG can be served with process by serving its registered agent, John Doughtie, 842 W. Sam Houston Pkwy N., Suite 600, Houston, TX 77024.

## CONDITIONS PRECEDENT

11.   All conditions precedent to filing of this suit have been met.

## FACTS

12.   On March 23, 2022, counsel for LLOG wrote to counsel for Apache and "demanded," on behalf of LLOG, "defense and indemnity" from Apache for LLOG's alleged potential liability and associated costs in a Louisiana state court lawsuit involving alleged environmental contamination. This Louisiana lawsuit will be referred to as the "Pigeon Land suit."

13.   This demand from LLOG for defense and indemnity in the Pigeon Land suit expressly invokes the PSA between Apache and various Castex Energy entities.  LLOG is a stranger

to the PSA and is not in any way affiliated with Castex.  The alleged connection, as LLOG

expressed in its demand letter, is that because from 1989 to 1994 LLOG allegedly owned

some of the same Louisiana oil and gas leases that Apache later purchased from Castex

under the PSA (there were several other intermediate owners in the chain), the PSA

requires Apache to defend and indemnify LLOG in the Pigeon Land suit, which itself

involves the same leases (among others).  There is no legal or factual basis for this position.

14.     Albeit incorrectly, in its demand letter, LLOG expressly seeks to invoke and benefit from

the PSA.

15.     The PSA contains three different arbitration provisions, each encompassing different kinds

of disputes.  Assuming LLOG had standing to make a claim under the PSA, LLOG's

demand would fall squarely under Section 11.13 of the PSA:

> Except as provided in Article V and in Section 9.02, any dispute,
> controversy or claim arising out of or in relation to or in connection with
> this Agreement, including without limitation any dispute as to the
> construction, validity, interpretation, enforceability or breach of this
> Agreement, shall be exclusively and finally settled by arbitration in
> accordance with this Section 11.13.

16.     Neither the arbitration provisions in Article V nor Section 9.02 of the PSA apply to

LLOG's defense and indemnity demand.  Apache's defense and indemnity obligations

owed to the Castex entities under the PSA, which LLOG expressly seeks to invoke and

benefit from, are set forth in Section 9.11(b) of the PSA.

17.     Section 9.11(b) expressly applies only to the Seller and Seller Indemnified Group—i.e.,

the Castex entities.  Both of those are defined terms, and neither term includes LLOG.

LLOG is therefore not entitled to defense and indemnity from Apache pursuant to the PSA,

and its demand letter is erroneous.

18.    LLOG's express invocation of, and attempt to benefit from, the PSA brings this dispute squarely within the ambit of the mandatory arbitration provision of Section 11.13 of that agreement.   LLOG cannot attempt to benefit from the PSA yet ignore its mandatory arbitration provisions.   Under the Fifth Circuit precedent, LLOG must arbitrate this dispute under the doctrine of direct benefits estoppel.

### FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

19.    Plaintiff incorporates all prior paragraphs.

20.    LLOG has made demand on Apache that, pursuant to the PSA, Apache defend and indemnify LLOG in the Pigeon land suit.   LLOG's demand has created a justiciable controversy that is ripe for decision by this Court.

21.    The PSA is a valid, binding, subsisting contract, between Plaintiff and the Castex entities defined therein.

22.    The defense and indemnity obligations Apache has under the PSA are set forth in Section 9.11(b).   Section 9.11(b) restricts its applicability to Seller and Seller Indemnified Group. Neither of these defined terms includes LLOG.

23.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Court should declare that because LLOG is not a party to the PSA, Apache owes no defense or indemnity to LLOG with regard to any legal matter, including but not limited to the Pigeon Land suit.

24.    Such a declaration would serve the useful purpose of clarifying and settling the legal status of the demand that LLOG has made on Apache, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this dispute between the parties.

25.    Apache also requests the Court award Apache's legal fees and costs.

## SECOND CAUSE OF ACTION:
### MOTION TO COMPEL ARBITRATION

26.   Apache incorporates all prior paragraphs.

27.   The PSA is a valid, subsisting contract.  Apache has performed all obligations under the PSA.

28.   LLOG is not a party to the PSA.

29.   The PSA contains a mandatory arbitration provision in Section 11.13.  That arbitration provision is valid, subsisting and enforceable.  This arbitration provision implicates interstate commerce and is subject to the Federal Arbitration Act.  That arbitration provision is a broad form arbitration clause, requiring arbitration of all disputes "arising out of, in relation to or in connection with" the PSA.

30.   LLOG's demand on Apache expressly invokes the PSA and demands that Apache defend and indemnify LLOG pursuant to the PSA.

31.   In making this demand, LLOG has triggered the PSA's arbitration clause in Section 11.13. While LLOG is a stranger to the PSA, under the doctrine of direct benefits estoppel LLOG must adhere to Section 11.13's arbitration clause, as LLOG is seeking to enforce and directly benefit from the PSA.

32.   Apache is entitled to an order from this Court requiring that LLOG agree to submit its demand for defense and indemnity from Apache, to binding arbitration pursuant to the terms set forth in Section 11.13.

## ATTORNEY'S FEES

33.   As a result of Defendant's conduct, Plaintiff is entitled to recover from Defendant its reasonable attorney's fees for bringing this action pursuant to the applicable statutes, as well as the costs incurred in this action and any and all appeals of this action.

**JURY DEMAND**

34.     Plaintiff respectfully demands a trial by jury on all issues so triable in this matter. Plaintiff

will tender the required jury fee.

**PRAYER**

35.     For the reasons set forth above, Plaintiff seeks judgment against Defendant, for:

a.   After submission of a motion directed to the issue, an order sending this dispute to

binding arbitration pursuant to Section 11.13 of the 2002 PSA;

b.   In the alternative, declaratory judgment, as pled herein;

c.   Apache's attorney fees and costs; and,

d.   All other relief to which Apache may show itself to be justly entitled.

Respectfully submitted,

By:  */s/ Timothy C. Shelby*

Timothy C. Shelby

Texas Bar No. 24037482

Fed ID No. 39044

**AHMAD, ZAVITSANOS & MENSING, P.C.**

1221 McKinney St., Suite 2500

Houston, Texas 77010

Tel: (713) 655-1101

Fax: (713) 655-0062

tshelby@azalaw.com

OF COUNSEL:

Shawn Bates

Texas Bar No. 24027287

Fed ID No. 30758

Ian Marshall Sander

Texas Bar No. 24117181

Fed ID No. 3609023

**AHMAD, ZAVITSANOS & MENSING, P.C.**

1221 McKinney St., Suite 2500

Houston, Texas 77010

Tel: (713) 655-1101

Fax: (713) 655-0062

sbates@azalaw.com

isander@azalaw.com

*Attorney-in-Charge for Plaintiff*

7